# EXHIBIT C

8/1/2023 4:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78104294
By: Adiliani Solis
Filed: 8/1/2023 3:06 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ERIN GARCIA and | § | IN THE DISTRICT COURT OF |
| TRACEY DAVIS, | § | |
| *Plaintiffs.* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NYP HOLDINGS, INC | § | |
| D/B/A NEW YORK POST, | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW,** Plaintiffs, **ERIN GARCIA and TRACEY DAVIS,** who file their Original

Petition, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff ERIN GARCIA ("E.G.") is an individual residing in Harris County, Texas.

2. Plaintiff TRACEY DAVIS ("T.D.") is an individual residing in Harris County,

Texas.

3. Defendant NYP HOLDINGS, INC D/B/A NEW YORK POST ("Defendant" "New

York Post") is a Delaware corporation doing business in the state of Texas for the purposes of

accumulating profits and may be served by serving its registered agent CT Corporation System, at

1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

### II. DISCOVERY

4. Plaintiffs assert that discovery in this matter should be conducted pursuant to TEX.

R. Civ. P. 190.3 (Level 2)

### III. VENUE AND JURISDICTION

5. Venue is in Harris County, Texas because this is a defamation (libel) lawsuit

brought by Plaintiffs residing in Harris County. Furthermore, all or a substantial part of the evens

or omission s giving rise to the claims herein occurred in Harris County, Texas TEX. CIV. PRAC & REM. CODE §15.002, §15.005.

## IV. FACTUAL BACKGROUND

6.     On or about March 11, 2023, the New York Post published a false and defamatory photograph and article depicting the Plaintiffs as a woman who had an abortion in Texas and as a woman who assisted her in obtaining an abortion.  In the photograph used without the permission of the Plaintiffs, they were dressed for a Halloween event in which they dressed up as characters from the Handmaids Tale.

7.     Neither Plaintiff had an abortion nor assisted another woman in obtaining an abortion.  The accompanying article describes the Plaintiffs as being the Defendants in a lawsuit in Texas for illegally having an abortion and for illegally helping a woman obtain an abortion.

8.     Since the publication of the defamatory photograph and article both Plaintiffs have been in fear for their lives.  They fear that someone or someones will seek them out and attack them for the abortion related conduct the article inaccurately and falsely attributes to them.

9.     The Defendant New York Post posted false and defamation information on its webpage that has 4.9 million subscribers.  The posting falsely accuses E.G. and T.D. of illegal abortion related conduct and because one of the Plaintiffs is dressed as a nine month pregnant woman, the article suggests that said Plaintiff sought to get an abortion when 9 months pregnant.

8.     However, the facts will prove by clear and convincing evidence that neither Plaintiff had anything to do with abortions.  As such the Defendant's statements of fact about Plaintiffs are completely false and defamatory.

9.     These accusations are untrue and defamatory per se and they have harmed

Certified Document Number: 109503254 - Page 2 of 9

Plaintiffs.   Defamation per se includes several categories of falsehoods, such as those accusing someone "of a crime, of having a foul or loathsome disease, or on engaging in seriously sexual misconduct.   Whether a statement qualifies as defamation per se is generally a question of law for the Court.

10.     Furthermore, Defendant's libelous article outrageously stirred up numerous comments which further and seriously damaged Plaintiffs.

11.     Defendant's false statements were not merely defamatory; they were intended to incite and in fact did incite hatred against the Plaintiffs and to discredit their integrity.

12.     Plaintiffs are bringing claims against Defendant for libel per se, negligence and strict liability and general and specific damages, mental anguish and exemplary damages.

14.     "Defamation is generally defined as the invasion of a person's interest in her reputation and good name." *Hancock v. Varivam*, 200 S.W,3d 59, 63 (Tex. 2013).  The tort includes libel (written statements) and slander (verbal statements). *Neely V. Wilson* 418 S.W.3d 52, 60 (Tex. 2013).  Defamatory statements are those that tend to (1) "injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury" as well as those statement that (2) "impeach any person's honesty, integrity, virtue, or reputation." TEX. CIV. PRAC. & REM. CODE§ 73.001; *see Mem'I Hermann Health Sys. v. Khalil,* No. 01-16-00512-CV, 2017 WL 3389645, at *6-7 (Tex. App.-Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.); *Double Diamond, Inc. v. Van Tyne,* 109 S.W.3d  848, 854 (Tex. App.-Dallas 2003, no pet.). The elements of a defamation claim include (1} the publication of a false statement of fact to a third party that was defamatory concerning the plaintiff, (2) the requisite degree of fault, and (3) in some cases, damages. *In*

*re Lipsky*, 460 S.W.3d at 593. In addition, it is a well-settled legal principle that one is liable for republishing the defamatory statement of another. *Neely* v. Wilson, *418 S.W.3d* 52, *61* (Tex. 2014).

15.     A statement is considered "published" when it is communicated to a third person who is capable of understanding its defamatory meaning and in such a way that the person did understand its defamatory meaning. *Thomas-Smith v. Mackin*, 238 S.W.3d 503,507 (Tex. App.-Houston [14th Dist.] 2007, no pet.).

16.     In making a prima facie showing, damages must be shown when the form of defamation is defamation per quo, but general damages are presumed to exist for defamation per se. <u>See</u> *In re Lipsky*, 460 S.W.3d at 593, 596.

17.     Whether a statement is defamatory is initially a question of law for the court. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Campbell v. Clark*, 471 S.W.3d 615, 624 {Tex. App.-Dallas 2015, no pet.}. As stated, a defamatory statement "tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule" OR to impeach any person's honesty. integrity, virtue, or reputation." TEX. CIV. PRAC. & REM. CODE§ 73.001; see *Campbell*, 471 S.W.3d at 624-25.)

18.     Plaintiffs are private citizens, meaning that E.G. and T.D.' prima-facie burden is only to show that the New York Post acted with negligence. <u>See</u> *WFAA-TV, Inc. v. Mclemore*, 978 S.W.2d 568, 571 (Tex. 1998) (explaining that a private plaintiff must prove only that the defendant "was at least negligent," whereas a public official or public figure must establish actual malice, which is a higher degree of fault than negligence), cert. denied, 526 U.S. 1051 (1999).

19.     In a defamation action, a person acts negligently if they knew or should have known a defamatory statement was false, *Neely*, 418 S.W.3d at 72, or failed to investigate the

truth or falsity of the statement. *Newspaper Holdings*, 416 S.W.3d at 85.

**Defendant's False Statements Were Defamatory.**

20.     As set forth in the New York Post's accompanying article, it is harmful to a person's reputation to be viewed as a criminal. The New York Post's article plainly establishes that the false statements about E.G. and T.D. were defamatory because of their tendency to injure their reputation and to expose them to public hatred and contempt. See *Johnson*, 526 S.W.3d at 534-35.

**The New York Post Acted Negligently.**

21.     The Defendant's false allegations were both negligent and malicious. To prevail on a claim of defamation, a private citizen need only prove negligence. *Lipsky*, 460 S.W.3d at 593. "Texas courts have defined negligence in the defamation context as the •failure to investigate the truth or falsity of a statement before publication, and [the] failure to act as a reasonably prudent [person].' *Fawcett v. Rogers*, 492 S.W.3d 18, 27 (Tex. App.-Houston [1st Dist.] 2016, no pet.). "Actual malice" in the defamation context means that the statement was made with knowledge of its falsity or with reckless disregard for its truth. *Lipsky*, 460 S.W.3d at 593.

22.     In making false statements about E.G. and T.D. without investigating the truth or falsity of the statement, the New York Post acted negligently and with reckless disregard for the truth. In addition, the New York Post failed to act as a reasonable business entity when they posted the damaging lies about E.G. and T.D.

23.     These unreasonable acts are plainly negligent and malicious.

**E.G. and T.D. were harmed by the New York Post's False and Defamatory Statements**.

24.     The false allegations by the Defendant have caused E.G. and T.D. mental anguish and depression.

25.     E.G. and T.D. have furthermore experienced grief, humiliation, and anxiety. The Defendant's statements have caused a significant disruption to E.G. and T.D.' daily life that is interfering with their work and enjoyment of life.

26.     As mentioned above, the Defendant made the false and defamatory statements that seriously damaged E.G. and T.D.. They were intended to cause others to harass, hate, and threaten E.G. and T.D.

27.     Furthermore, the Defendant made these statements and newspaper postings knowing that it would incite hatred and would disparage the reputation of E.G. and T.D.

28.     Furthermore, the Defendant made these statements knowing that such statements would be repeated to others.

## V. DAMAGES

29.     The Defendant published and/or communicated and/or caused to be published or communicated false statements regarding E.G. and T.D. on or about March 11, 2023. These statements accused E.G. and T.D., among other false and defamatory matters, of illegally obtaining and illegally assisting a woman in Texas of obtaining an abortion.  These statements are false. With regard to the truth of these statements, the Defendant was acting with actual malice and/or negligence, and/or with reckless disregard to the truth of such statements.

30.     E.G. and T.D. have suffered injury to themselves as a result of Defendant's defamatory statements.

31.     E.G. and T.D. seek all damages available at law or equity, including exemplary damages in the amount of $4,900,000.00

## VI. CONDITIONS PRECEDENT

32.     Pursuant to Rule 54, Texas Rules of Civil Procedure, E.G. and T.D. maintain all

conditions precedent, if any, have been performed or has occurred or has been frustrated by the New York Post's actions.

33.     Plaintiffs have served the Defendant with a request to retract the defamatory material, as required by the Defamation Mitigation Act.

## VII.  DAMAGES IN LIBEL PER SE

34.     Texas courts adamantly protect people's names. In Texas, defamation occurs when a person makes false statements verbally or in writing as facts about another party, company, or person. Written (libel) defamation includes emails, social media posts, blog posts, books, potentially pictures in magazines, billboards and online print. Verbal (slander) defamation includes spreading false rumors.

35.     Under Texas law, Texas also has a defamation charge known as "defamation per se." It refers to statements that anyone would, or should, know are likely to injure a person's name and/or reputation, such as accusing E.G. and T.D. of being criminals.

36.     Stated specifically, defamation or slander or libel per se means a statement that is defamation "by itself." A person claiming defamation per se does not have to prove that she suffered damage to her name, reputation or any monetary loss. The statement is defamatory, and thus, E.G. and T.D. are entitled to damages. In Texas cases involving defamation per se, the law presumes that statements that are defamatory per se injure the victim's name, reputation and entitle them to recover general damages, including damages for loss of reputation and mental anguish. *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002).

37.     The law presumes certain categories of statements are defamatory per se, including statements: (a) that unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity; or (b) that are falsehoods that injure one in her name, reputation, business, profession, or occupation. *Main v. Royal*, 348 S.W.3d 318, 390 (Tex. App.-Dallas 2011, no pet.).

38.     Consequently, Defendant's campaign of defamation has damaged E.G. and

T.D.'s life and reputation and aims to bring hatred toward them.

39.     Plaintiffs are asking for damages in the amount of $4,900,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to

appear and answer herein; that Plaintiffs be awarded actual and special damages in a sum to be

specified by the trier of fact; that Plaintiffs be awarded expenses and costs of court; that Plaintiffs

be granted pre- and post-judgment interest as provided by law; and that Plaintiffs receive such

other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:   */s/ David K. Mestemaker*
    David K. Mestemaker
    State Bar No. 13974600
    dkm@mandsattorneys.com
    **(Do not use this e-mail for service of documents)**
By:   */s/ Norman Straub*
    Norman Straub
    State Bar No. 00793002
    nstraub@mandsattorneys.com
    **(Do not use this e-mail for service of documents)**
By:   */s/ Jonathan B. Zumwalt*
    Jonathan B. Zumwalt
    State Bar No. 24053570
    jbz@mandsattorneys.com
    **(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Telephone
(713) 626-8910 Telecopier

ATTORNEYS FOR
PLAINTIFFS

**Designated E-Service Email Address**
The following is the undersigned attorney's
designation of electronic service email address

for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a). (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2023

Certified Document Number:          109503254 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/1/2023 4:41:01 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 78104294
By: SOLIS, ADILIANI A
Filed: 8/1/2023 3:06:33 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition

**FILE DATE:**  07/31/2023 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  NYP HOLDINGS, INC D/B/A NEW YORK POST _____

Address of Service:  1999 Bryan Street, Suite 900 _____

City, State & Zip:  Dallas, Texas 75201-3136 _____

Agent (if applicable)  CT Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☒ Citation ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney**
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER,** explain _____

**Issuance of Service Requested By:** Attorney/Party Name: David K. Mestemaker  Bar # or ID  13974600

Mailing Address: 3100 Timmons Lane Suite 455 Houston, Texas 77027

Phone Number: 713-626-8900



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2023

Certified Document Number:        109503255 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/7/2023 4:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78280266
By: Kathy Givens
Filed: 8/7/2023 4:10 PM

CAUSE NO. 2023-48878

| | | |
|---|---|---|
| E.G., and T.D. , | § | IN THE DISTRICT COURT OF |
| *Plaintiffs.* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NYP HOLDINGS, INC | § | |
| D/B/A NEW YORK POST, | § | |
| *Defendant.* | § | 61st JUDICIAL DISTRICT |

## **MOTION TO CHANGE STYLE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs in the above-entitled and numbered cause, and request the Court to change the style and caption of the above-mentioned case from "202348878 - GARCIA, ERIN vs. NYP HOLDINGS INC (D/B/A NEW YORK POST)" to "202348878 – E.G., and T.D. vs. NYP HOLDINGS INC (D/B/A NEW YORK POST)".

It is important for the Plaintiffs' name to remain hidden so as to avoid negative attention of the media and public in such a sensitive case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court GRANTS Plaintiffs' motion to change the style of the case.

Dated:  August 7, 2023

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:   */s/ David K. Mestemaker*  
  David K. Mestemaker
  State Bar No. 13974600
  dkm@mandsattorneys.com
  **(Do not use this e-mail for service of documents)**
By:   */s/ Norman Straub*  
  Norman Straub
  State Bar No. 00793002
  nstraub@mandsattorneys.com

Motion to Change Style
1

Certified Document Number: 109600623 - Page 1 of 2

**(Do not use this e-mail for service of documents)**

By:   */s/ Jonathan B. Zumwalt*

Jonathan B. Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas  77027
(713) 626-8900 Telephone
(713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

**<u>Designated E-Service Email Address</u>**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a). (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Certified Document Number: 109600623 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2023

Certified Document Number:        109600623 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/7/2023 4:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78280266
By: Kathy Givens
Filed: 8/7/2023 4:10 PM

CAUSE NO. 2023-48878

| | | |
|---|---|---|
| E.G., and T.D. , | § | IN THE DISTRICT COURT OF |
| *Plaintiffs.* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NYP HOLDINGS, INC | § | |
| D/B/A NEW YORK POST, | § | |
| *Defendant.* | § | 61ˢᵗ JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' MOTION TO CHANGE STYLE

On this day, came on to be heard Plaintiffs' Motion Change Style, and this Court, having

considered said motion, is of the opinion that the motion should be GRANTED.

IT IS **ORDERED** that the style and caption of this suit shall be changed to "202348878 –

E.G., and T.D. vs. NYP HOLDINGS INC (D/B/A NEW YORK POST)".

SIGNED this _____ day of _____ 2023.

_____

JUDGE PRESIDING

Certified Document Number☐ 10☐600624 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2023

Certified Document Number:        109600624 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/7/2023 4:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78280266
By: Kathy Givens
Filed: 8/7/2023 4:10 PM

CAUSE NO. 2023-48878

| | | |
|---|---|---|
| E.G., and T.D. , | § | IN THE DISTRICT COURT OF |
|     *Plaintiffs.* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NYP HOLDINGS, INC | § | |
| D/B/A NEW YORK POST, | § | |
|     *Defendant.* | § | 61st JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

Take notice that Plaintiffs' Motion to Change Style will be heard on the Court's submission docket on Monday, August 21, 2023, at 8:00 am in the 61st Judicial District Court of Harris County, Texas.

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:  */s/ David K. Mestemaker*
    David K. Mestemaker
    State Bar No. 13974600
    dkm@mandsattorneys.com

By:  */s/ Norman Straub*
    Norman Straub
    State Bar No. 00793002
    nstraub@mandsattorneys.com

By:  */s/ Jonathan B. Zumwalt*
    Jonathan B. Zumwalt
    State Bar No. 24053570
    jbz@mandsattorneys.com

    3100 Timmons Lane, Suite 455
    Houston, Texas 77027
    (713) 626-8900 Telephone
    (713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

### Designated E-Service Email Address

The following is the undersigned attorney's

designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a). (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Filed 23 August 23 A11:22
Marilyn Burgess - District Clerk
Harris County

CAUSE NO.  2023-48878

| | | |
|---|---|---|
| GARCIA, ERIN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| NYP HOLDINGS INC (D/B/A NEW | § | |
| YORK POST), | § | 061st JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

## <u>ORDER DENYING PLAINTIFFS' MOTION TO CHANGE STYLE</u>

Plaintiffs' Motion to Change Style is DENIED.

Signed August 22, 2023

Hon. FREDERICKA PHILLIPS
Judge, 061st District Court

8/23/2023 5:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78855520
By: Tiffany Jefferson
Filed: 8/23/2023 5:18 PM

### CAUSE NO. 2023-48878

| | | |
|---|---|---|
| ERIN GARCIA, ET AL<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 61st District Court |
| NYP HOLDINGS, INC. D/B/A NEW YORK POST<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TX |

### RETURN OF SERVICE

**ON Wednesday, August 23, 2023 AT 10:23 AM**
CITATION, PLAINTIFFS' ORIGINAL PETITION for service on NYP HOLDINGS, INC. (D/B/A NEW YORK POST) (A DELAWARE CORPORATION) C/O REGISTERED AGENT CT CORPORATION SYSTEM came to hand.

**ON Wednesday, August 23, 2023 AT 3:10 PM, I, DON  ANDERSON, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** NYP HOLDINGS, INC. (D/B/A NEW YORK POST) (A DELAWARE CORPORATION) C/O REGISTERED AGENT CT CORPORATION SYSTEM, by delivering to George Martinez, 1999 BRYAN STREET SUITE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is DON  ANDERSON. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2024). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas COUNTY, TX on Wednesday, August 23, 2023.

/S/ DON  ANDERSON

CAUSE NO. 202348878

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 969951  TRACKING NO: 74203590 EML

| | |
|---|---|
| Plaintiff: | In The 061st |
| GARCIA, ERIN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| NYP HOLDINGS INC (D/B/A NEW YORK POST) | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    NYP HOLDINGS INC (D/B/A NEW YORK POST) (A DELAWARE CORPORATION) MAY BE SERVED**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**
**OR WHEREVER THEY MAY BE FOUND**

Attached is a copy of: PLAINTIFFS' ORIGINAL PETITION

This instrument was filed on August 1, 2023 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on August 3, 2023, under my hand and seal of said court.

Issued at the request of:

Mestemaker, David K.
3100 TIMMONS SUITE 455
HOUSTON, TX  77027
713-626-8900
Bar Number: 13974600



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:ADILIANI SOLIS