United States District Court
Southern District of Texas
**ENTERED**
September 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN GARCIA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03238 |
| | § | |
| NYP HOLDINGS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant NYP Holdings, Inc., d/b/a New York Post's (the "Post") Motion to Dismiss (Doc. #10), Plaintiffs Erin Garcia ("Garcia") and Tracey Davis's ("Davis") (collectively, "Plaintiffs") Response (Doc. #16), and the Post's Reply (Doc. #17). Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion to Dismiss.

### I.  Background

On March 10, 2023, Marcus A. Silva ("Silva") sued three women—Jackie Noyola ("Noyola"), Amy Carpenter ("Carpenter"), and Aracely Garcia (collectively, the "Silva Defendants")—in the 56th Judicial District Court of Galveston County, Texas, for the wrongful death of his unborn child.[1] Doc. #10, Ex. 1. Specifically, Silva alleged that the Silva Defendants conspired with his ex-wife, Brittni Silva ("Brittni"), and assisted in "murdering" his unborn child with "illegally obtained abortion pills." *Id.* at 2. Silva also alleged that on Halloween in 2022,

---

[1] Silva's lawsuit is captioned *Silva v. Noyola et al.*, 4:23-cv-0375, in the 56th Judicial District Court of Galveston County, Texas.

Brittni dressed up with two of the Silva Defendants—Noyola and Carpenter—in *Handmaid's Tale*[2] costumes to "celebrate[] the murder" of the unborn child. *Id.* at 8. The Original Petition included a photograph, shown below as Figure 1, and described it as follows: "Noyola is standing in the center, dressed in a blue suit. Carpenter is to the right of Noyola (Noyola's left) dressed in blue. Brittni is to the right of Carpenter dressed in red." *Id.* In other words, Carpenter and Brittni are pictured in Figure 1 to the *right* of Noyola.


**Figure 1 (Silva's Original Petition)**

On March 11, 2023, the Post published an article about Silva's lawsuit (the "Article"). Doc. #1, Ex. 3 ¶ 6; Doc. #10, Ex. 2. The Article included a cropped version of Figure 1 that depicted Noyola with the two women pictured to Noyola's left, Plaintiffs Garcia and Davis. Doc. #10, Ex. 2 at 2. The Article captioned the photograph of Noyola, Garcia, and Davis as follows: "Marcus Silva included a photo he claims shows his ex-wife, left, with Carpenter, middle, and Noyola, right, dressing up as *Handmaid's Tale* characters for Halloween." Doc. #1, Ex. 3 ¶ 6; Doc. #10, Ex. 2 at 2. While the Article's caption correctly identified Noyola, it incorrectly identified Plaintiffs as Carpenter and Brittni. However, the Article did not reference Plaintiffs by their names at any point. The Post's March 11, 2023 version of the photograph is depicted below

---

[2] *Handmaid's Tale* is a dystopian book and television series.

2

as Figure 2.

On March 14, 2023, just three days after the Post published the Article, the Post corrected the photograph and cropped it such that it accurately pictured and identified Noyola, Carpenter, and Brittni. Doc. #10, Ex. 3 at 2; Doc. #16 ¶ 9. The March 14, 2023 version of the photograph is shown below as Figure 3.




Figure 2 (Published March 11, 2023)          Figure 3 (Published March 14, 2023)

On August 1, 2023, Plaintiffs filed their Original Petition against the Post in the 61st Judicial District Court of Harris County, Texas, asserting claims for defamation and defamation per se. Doc. #1, Ex. 3. Specifically, Plaintiffs allege the Post "published a false and defamatory photograph and article depicting the Plaintiffs as a woman who had an abortion in Texas and as a woman who assisted her in obtaining an abortion," when in fact Plaintiffs have neither had abortions nor assisted others in obtaining abortions. Id. ¶¶ 6–7. Moreover, Plaintiffs allege that, because Figure 2 depicts one of the Plaintiffs dressed as a nine-months-pregnant woman, the Article "suggests that said Plaintiff sought to get an abortion when [nine] months pregnant." Id. ¶ 9. As a result of the Article, Plaintiffs allege they have been in fear for their lives. Id. ¶ 8.

On August 31, 2023, the Post removed the case to this Court based on diversity jurisdiction. Doc. #1. On November 3, 2023, the Post moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, courts must liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Id.* at 662. The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* at 678.

Moreover, in evaluating a motion to dismiss, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P 12(b)(6)). However, "[d]ocuments not attached to the pleadings, but to the motion to dismiss, may be considered 'part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *In re Dynegy, Inc. Erisa Litig.*, 309 F. Supp. 2d 861, 867 (S.D. Tex. 2004) (quoting *Collins*, 224 F.3d at 498–99). In

4

defamation actions, "[o]n a motion to dismiss, courts may consider the allegedly defamatory publications." *Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557, 563 (S.D. Tex. 2022).

**III. Analysis**

In its Motion to Dismiss, the Post's main argument is that Plaintiffs' defamation and defamation per se claims should be dismissed because the Post is protected by the fair reporting privilege.[3] Doc. #10 at 7–13. In Texas, the elements of a defamation claim are (1) the defendant "published a false statement," (2) the statement defamed the plaintiff, (3) the defendant "acted with negligence regarding the truth of the statement," and (4) the plaintiff "suffered damages or the article is defamatory per se." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 439 (Tex. 2017). The elements of a defamation per se claim are generally the same as those for a defamation claim, the only difference is that "damages are presumed." *Francis v. Phoenix Cap. Grp. Holdings, LLC*, No. 05-22-01260-CV, 2023 WL 5542622, at *7 (Tex. App.—Dallas Aug. 29, 2023, pet. denied).

"Texas law recognizes a 'fair reporting privilege' as a defense to defamation." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 745 (5th Cir. 2019). "At common law, the fair report privilege is a defense to defamation that protects the publication of defamatory matter concerning another in a report of an official action or proceeding if the report is accurate and complete or a fair abridgement of the occurrence reported." *Scripps NP Operating, LLC v. Carter*, 567 S.W.3d 1, 21 (Tex. App.—Corpus Christi–Edinburg 2016), *aff'd*, 573 S.W.3d 781 (Tex. 2019) (internal

---

[3] The Post also argues dismissal is warranted because the Article is not "of and concerning" the Plaintiffs and, with respect to the defamation per se claim, Plaintiffs have not plausibly alleged any statement that is defamatory per se. Doc. #10 at 13–17. Plaintiffs failed to respond to either of these arguments in their Response, and thus they have waived those arguments in this Court. *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003). Regardless, because the Court finds that the Post is protected by the fair reporting privilege, it will not address the Post's other arguments.

5

quotations and citation omitted). The fair reporting privilege is codified in section 73.002 of the Texas Civil Practice and Remedies Code ("Section 73.002"), which provides that a newspaper or other periodical's publication is "privileged" when it presents "a fair, true, and impartial account" of "a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 73.002(a)–(b); *see also Walker*, 938 F.3d at 745.

A publication's "account of a judicial proceeding" is "fair, true, and impartial" under Section 73.002 when it is "substantially correct." *Klentzman v. Brady*, 456 S.W.3d 239, 252–53 (Tex. App.—Houston [1st Dist] 2014), *aff'd*, 515 S.W.3d 878 (Tex. 2017). In this regard, "a private individual who sues a media defendant for defamation over a report on official proceedings of public concern has the burden of proving that the *gist* of the report was not *substantially true*—that is, that the report was not a fair, true, and impartial account of the proceedings." *KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710, 715 (Tex. 2016) (emphasis added). In construing the "gist" of an article, courts are to "construe the publication 'as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.'" *D Mag.*, 529 S.W.3d at 434 (quoting *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000)). Under the "substantial truth test," courts consider "whether the alleged defamatory statement was more damaging to the plaintiff's reputation in the mind of the average [reader] than a truthful statement would have been." *Klentzman*, 456 S.W.3d at 253.

For instance, in *Avery v. Baddour*, the *Houston Chronicle* published an article about the Republic of Texas, an organization "premised on the belief that Texas is a sovereign nation and whose goal it is to legally extricate itself from the United States." No. 04-16-00184-CV, 2016 WL 4208115, at *6 (Tex. App.—San Antonio Aug. 10, 2016, pet. denied). The article included a photograph of a man with a caption that incorrectly identified the man as the plaintiff, using the

plaintiff's name. *Id.* The article also used a second photograph of the plaintiff, correctly identified, suggesting he was a member of a secessionist organization. *Id.* The plaintiff sued for defamation and alleged the article wrongly identified him as a member of a secessionist organization. *Id.* Though the court did not evaluate the fair reporting privilege, it applied the "substantial truth" test. *Id.* at *5. In so doing, the court held that "[e]ven if the captions incorrectly identified [plaintiff] as a secessionist, falsely implied [plaintiff] renounced his U.S. citizenship, incorrectly identified the [Republic of Texas members] as secessionists, and falsely implied [plaintiff] was a member of a secessionist organization, the gist of the articles is substantially true" because it was about the nature of the Republic of Texas organization. *Id.*

Here, the Article reports that Silva filed a lawsuit against the Silva Defendants, specifically naming Noyola, Carpenter, and Aracely Garcia. Doc. #10, Ex. 2 at 2. The Article then outlines Silva's specific allegations, often using direct quotes from Silva's Original Petition. *Id.* In addition, the Article explains how Silva's case differs from an earlier lawsuit that was premised on aiding and abetting in an "unlawful abortion." *Id.* The Article goes on to state that the "court filing also includes a photo of Noyola, Carpenter, and Brittni Silva 'celebrating the murder'" on Halloween in *Handmaid's Tale* costumes. *Id.* Finally, the Article concludes with statements from law professors about Silva's lawsuit. *Id.* At no point are Plaintiffs mentioned by name. *Id.* However, the Article includes a cropped photograph (Figure 2) with a caption that identifies the Plaintiffs as Brittni and Carpenter. *Id.* Construing the article as a whole, its "gist" is substantially correct: Silva filed a lawsuit against the Silva Defendants alleging they helped murder his unborn child and dressed up in costume to celebrate. *See KBMT*, 492 S.W.3d at 715. Though the Article included a photograph depicting Plaintiffs, "[t]hese errors in the details do not render the article[] substantially untrue because minor inaccuracies do not amount to falsity so long as the gist or

7

'sting' of the story is correctly conveyed." *KHOU-TV, Inc. v. Status Lounge Inc.*, 639 S.W.3d 752, 758 (Tex. App.—Houston 2021, no pet.). Indeed, in *Avery*, where the plaintiff was incorrectly identified in a photograph and his name was actually used, the court still dismissed his defamation claim because the gist of the article at issue was substantially true. 2016 WL 4208115, at *6.

Moreover, the Court is not persuaded that "the alleged defamatory statement was more damaging to [Plaintiffs'] reputation in the mind of the average [reader] than a truthful statement would have been." *Klentzman*, 456 S.W.3d at 253. Here, if the Post had published the Article using the entire photograph as shown in Silva's Original Petition, which still depicts Plaintiffs, an ordinary reader would still associate Plaintiffs with the lawsuit because they were pictured with the Silva Defendants in costumes that Silva alleged were used to celebrate the murder of his unborn child. Thus, the Court finds that the facts alleged in Plaintiffs' Original Petition do not permit an inference that "the gist of the [Article] was not substantially true." *See KBMT*, 492 S.W.3d at 715. As such, the Post is protected by the fair reporting privilege because the Article is "a fair, true, and impartial account" of "a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 73.002(a)–(b). Plaintiffs' claims should, therefore, be dismissed.

IV. **Conclusion**

In conclusion, the Court hereby GRANTS the Motion to Dismiss because the Post is protected by the fair reporting privilege. Doc. #10. Accordingly, this case is DISMISSED WITH PREJUDICE.

It is so ORDERED.

\_\_\_SEP 0 3 2024_____   _____
Date                      The Honorable Alfred H. Bennett
                          United States District Judge